FILED

2012 DEC 11  PM 2:57

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2012 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR **CR 12 01170** |
| Plaintiff, | <u>I N D I C T M E N T</u> |
| v. | [18 U.S.C. § 1349: Conspiracy to Commit Health Care Fraud; 18 U.S.C. § 1347: Health Care Fraud; 18 U.S.C. § 2(b): Aiding and Abetting; 42 U.S.C. § 1320a-7b(b)(2): Illegal Remunerations for Health Care Referrals] |
| ADELINE EKWEBELEM, <br> aka "Adeline Maduabuchi," <br> ROMIE PORTER TUCKER, JR., <br> aka "Romy," <br> aka "Roman," <br> aka "Ron," <br> MARITZA HERNANDEZ, and <br> CINDY SANTANA, <br> aka "Cindya Santana," | |
| Defendants. | |

The Grand Jury charges:

## COUNT ONE

[18 U.S.C. § 1349]

[All Defendants]

A.  <u>GENERAL ALLEGATIONS</u>

At all times relevant to this Indictment:

<u>The Defendants and Adelco Medical Distributors, Inc.</u>

1.    Adelco Medical Distributors, Inc. ("Adelco") was a durable medical equipment ("DME") supply company located at 15223 South Crenshaw Boulevard, Suite #B, Gardena, California 90249, within the Central District of California.

2.    Defendant ADELINE EWKEBELEM, also known as ("aka") "Adeline Maduabuchi" ("defendant EKWEBELEM"), enrolled Adelco as a Medicare provider in or about June 2002.

3.    Between in or about November 2008, and in or about May 2011, defendant ROMIE PORTER TUCKER, JR., aka "Romy," aka "Roman," aka "Ron" ("defendant TUCKER") worked as a marketer for Adelco.

4.    Between in or about March 2011, and in or about November 2011, defendant MARITZA HERNANDEZ ("defendant HERNANDEZ") worked as a marketer for Adelco.

5.    Between in or about October 2009, and in or about August 2010, defendant CINDY SANTANA, aka "Cindya Santana" ("defendant SANTANA"), worked as a marketer for Adelco.

6.    Between in or about January 2007, and in or about December 2011, Adelco submitted approximately $7,350,695 in claims to Medicare, for which Medicare paid Adelco approximately $3,452,299, representing more than approximately 90% of Adelco's revenue during the period.

<u>The Medicare Program</u>

7.    Medicare was a federal health care benefit program, affecting commerce, that provided benefits to individuals who were over the age of 65 or disabled.  Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a

federal agency under the United States Department of Health and Human Services ("HHS").

8. CMS contracted with private insurance companies to certify DME providers for participation in the Medicare program and monitor their compliance with Medicare standards, to process and pay claims, and to perform program safeguard functions, such as identifying and reviewing suspect claims.

9. Noridian Administrative Services ("Noridian") processed and paid Medicare DME claims in Southern California.

10. Individuals who qualified for Medicare benefits were referred to as Medicare "beneficiaries." Each Medicare beneficiary was given a Health Identification Card containing a unique identification number ("HICN").

11. DME companies, physicians, and other health care providers that provided medical services that were reimbursed by Medicare were referred to as Medicare "providers."

12. To obtain reimbursement from Medicare, a DME company first had to apply for and obtain a provider number. By signing the provider application, the DME company agreed to abide by all Medicare rules and regulations, including the Anti-Kickback Statute (42 U.S.C. § 1320a-7b(b)), which, among other things, prohibits the payment of kickbacks or bribes for the referral of Medicare beneficiaries for any item or service for which payment may be made by Medicare.

13. If Medicare approved a DME provider's application, Medicare assigned the provider a Medicare provider number, which enabled the DME company to submit claims to Medicare for services rendered to Medicare beneficiaries.

14.  Most DME providers, including Adelco, submitted their claims electronically pursuant to an agreement with Medicare that they would submit claims that were accurate, complete, and truthful.  Under these agreements, DME providers are required to retain all original source documentation supporting the claims for 6 years and 3 months after the claim is paid.

15.  Medicare required a claim for Medicare reimbursement of DME to set forth, among other things, the beneficiary's name and HICN, the type of DME provided to the beneficiary, the date the DME was provided, and the name and unique physician identification number of the physician who prescribed or ordered the DME.

16.  DME providers were only entitled to Medicare reimbursement for DME that was medically necessary to the treatment of a beneficiary's illness or injury, was prescribed by a beneficiary's physician, and was provided in accordance with Medicare regulations and guidelines that governed whether a particular item or service would be reimbursed by Medicare. Medicare required claims to be truthful, complete, and not misleading.

17.  Medicare had a co-payment requirement for DME. Medicare reimbursed providers 80% of the allowed amount of a DME claim and the beneficiary was ordinarily obligated to pay the remaining 20%.

B.   THE OBJECT OF THE CONSPIRACY

18.  Beginning in or about January 2007, and continuing to in or about December 2011, in Los Angeles County, within the Central District of California and elsewhere, defendant

1  EKWEBELEM, joined by defendant TUCKER from in or about November

2  2008 to in or about May 2011, defendant HERNANDEZ from in or

3  about March 2011 to in or about November 2011, and defendant

4  SANTANA from in or about October 2009 to in or about August 2010,

5  together with others known and unknown to the Grand Jury,

6  knowingly combined, conspired, and agreed to commit health care

7  fraud, in violation of Title 18, United States Code, Section

8  1347.

9  C.   THE MANNER AND MEANS OF THE CONSPIRACY

10       19.  The object of the conspiracy was carried out, and to be

11  carried out, in substance, as follows:

12       a.   Defendant EKWEBELEM would pay "marketers,"

13  including defendant TUCKER, defendant HERNANDEZ, and defendant

14  SANTANA, to solicit Medicare beneficiaries for Adelco.

15       b.   Defendant TUCKER, defendant HERNANDEZ, and

16  defendant SANTANA would solicit beneficiaries, offering them

17  medically-unnecessary power wheelchairs, hospital beds,

18  orthotics, and other DME for free.

19       c.   At defendant EKWEBELEM's instruction, defendant

20  TUCKER, defendant HERNANDEZ, and defendant SANTANA would take the

21  beneficiaries to see doctors chosen by defendant EKWEBELEM and

22  then take the beneficiaries to Adelco, where the beneficiaries

23  provided their HICNs and other patient information to Adelco.

24       d.   Defendant EKWEBELEM would then obtain from the

25  doctors fraudulent prescriptions for DME and other medical

26  documentation for the beneficiaries, including face-to-face

27  examination forms ("FTF forms"), purporting to support the

28  medical need for the DME.  Sometimes the FTF forms were blank

5

1 | except for the basic patient information and doctor's signature,
2 | in which case either defendant EKWEBELEM or Adelco employees at
3 | defendant EKWEBELEM's instruction would complete the form with
4 | additional information aimed at justifying the medical necessity
5 | of the DME.

6 |        e.    Defendant EKWEBELEM would use the Medicare
7 | beneficiary names, HICNs, and other patient information for
8 | beneficiaries solicited by defendant TUCKER, defendant HERNANDEZ,
9 | defendant SANTANA, and other marketers to submit false and
10 | fraudulent claims under Adelco's provider number to Medicare for
11 | power wheelchairs, hospital beds, orthotics, and other DME that
12 | were not medically necessary and in some cases not provided to
13 | Medicare beneficiaries as represented in the claims.

14 |        f.    Defendant EKWEBELEM would direct that Medicare
15 | payments on the claims Adelco submitted be deposited into
16 | Adelco's business bank account at Bank of America, account number
17 | xxxxx-x5603 (the "Adelco Bank Account"), which she controlled.

18 |        g.    From the approximately $3,452,299 Medicare paid to
19 | Adelco between in or about January 2007, and in or about December
20 | 2011, defendant EKWEBELEM would write checks from the Adelco Bank
21 | Account and pay cash to marketers, including defendant TUCKER,
22 | defendant HERNANDEZ, and defendant SANTANA, in exchange for their
23 | referring Medicare beneficiaries to Adelco.  Defendant EKWEBELEM
24 | would adjust the payments to defendant TUCKER, defendant
25 | HERNANDEZ, defendant SANTANA, and other marketers according to
26 | the DME ordered for the beneficiaries and the doctors to whom the
27 | beneficiaries were taken.  Defendant EKWEBELEM would only pay the
28 | marketers if Medicare paid Adelco for the DME for the recruited

beneficiaries.  Defendant EKWEBELEM would often require the
marketers to refund any advance payment defendant EKWEBELEM had
made to them if Medicare subsequently denied the claim.

        h.    Defendant EKWEBELEM would also write approximately
$629,009 in checks to herself and withdraw approximately $853,091
in cash from the Adelco Bank Account.

COUNTS TWO THROUGH TEN

[18 U.S.C. §§ 1347, 2(b)]

A.   INTRODUCTORY ALLEGATIONS

20.   The Grand Jury incorporates by reference and re-alleges paragraphs 1 through 17 and 19 of this Indictment as if fully set forth herein.

B.   THE SCHEME TO DEFRAUD

21.   Beginning in or about January 2007, and continuing until in or about December 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant EKWEBELEM, joined by defendant TUCKER from in or about November 2008 to in or about May 2011, defendant HERNANDEZ from in or about March 2011 to in or about November 2011, and defendant SANTANA from in or about October 2009 to in or about August 2010, together with others known and unknown to the Grand Jury, knowingly, willfully, and with intent to defraud, executed a scheme and artifice: (a) to defraud a health care benefit program, namely, Medicare, as to material matters in connection with the delivery of and payment for health care benefits, items, and services; and (b) to obtain money from Medicare by means of material false and fraudulent pretenses and representations and the concealment of material facts in connection with the delivery of and payment for health care benefits, items, and services.

C.   THE FRAUDULENT SCHEME

22.   The fraudulent scheme operated, in substance, as described in paragraph 19 of this Indictment, which is hereby incorporated by reference as if fully set forth herein.

8

D.   EXECUTION OF THE FRAUDULENT SCHEME

23.   On or about the dates set forth below, within the Central District of California, and elsewhere, the following defendants, together with others known and unknown to the Grand Jury, for the purpose of executing the scheme to defraud described above, knowingly and willfully submitted and caused to be submitted to Medicare the following false and fraudulent claims:

| Count | Defendant(s) | Approx. Date Claim Submitted | Beneficiary and Service | Amount Claimed | Claim No. |
|---|---|---|---|---|---|
| TWO | EKWEBELEM | 4/15/2008 | B.P. – Motorized wheelchair and accessories | $5,900.00 | 08106809988000 |
| THREE | EKWEBELEM | 4/25/2008 | M.M. – Motorized wheelchair and accessories | $5,900.00 | 08116806365000 |
| FOUR | EKWEBELEM, SANTANA | 8/9/2010 | F.D. – Motorized wheelchair and accessories | $6,570.09 | 10221874264000 |
| FIVE | EKWEBELEM, TUCKER | 9/7/2010 | B.M. – Motorized wheelchair and accessories | $7,104.13 | 10250893264000 |
| SIX | EKWEBELEM, TUCKER | 9/29/2010 | M.A. – Motorized wheelchair and accessories | $7,061.07 | 10272854220000 |

| SEVEN | EKWEBELEM, TUCKER | 11/1/2010 | W.G. – Motorized wheelchair and accessories, orthotics | $7,967.94 | 10305879819000 |
|---|---|---|---|---|---|
| EIGHT | EKWEBELEM | 2/9/2011 | E.U. – Motorized wheelchair (rental) and accessories | $2,667.58 | 11040843333000 |
| NINE | EKWEBELEM | 4/22/2011 | E.U. – Motorized wheelchair (rental) and accessories | $1,400.00 | 11112806764000 |
| TEN | EKWEBELEM, HERNANDEZ | 7/11/2011 | P.O. – Motorized wheelchair (rental) and accessories, orthotics | $4,651.08 | 11192886051000 |

COUNTS ELEVEN THROUGH THIRTEEN

[42 U.S.C. § 1320a-7b(b)(2)]

[Defendant EKWEBELEM]

24.   The Grand Jury hereby repeats and realleges paragraphs 1-17 and 19 of this Indictment as if fully set forth herein.

25.   On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant EKWEBELEM, together with others known and unknown to the Grand Jury, knowingly and willfully offered and paid remuneration, that is, either cash or checks payable in or about the amounts set forth below, to defendant Tucker, defendant Hernandez, and defendant Santana, to induce defendant Tucker, defendant Hernandez, and defendant Santana to refer individuals

to Adelco for DME for which payment could be made in whole and in part under a Federal health care program, namely Medicare.

| Count | Approx. Date | Transaction |
|---|---|---|
| ELEVEN | 7/13/2010 | Check number 3367, drawn on the Adelco Bank Account, in the amount of $1,200.00, payable to defendant Santana |
| TWELVE | 10/28/2010 | Cash payment of $400 to defendant Tucker |
| THIRTEEN | 7/8/2011 | Check number 3935, drawn on the Adelco Bank Account, in the amount of $550.00, payable to defendant Hernandez |

A TRUE BILL

/S/
_____
Foreperson

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

RICHARD E. ROBINSON
Assistant United States Attorney
Chief, Major Frauds Section

CONSUELO S. WOODHEAD
Assistant United States Attorney
Deputy Chief, Major Frauds Section

KRISTEN A. WILLIAMS
Assistant United States Attorney
Major Frauds Section